UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GRAND JURY H-05-1

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:06CR64 (CFD) |
| v. | VIOLATIONS: |
| DENNIS PARIS (aka "Rahmyti") <br> BRIAN FORBES, (aka "B") <br> SHANAYA HICKS (aka "Toni") | 18 U.S.C. § 371 (Conspiracy to Use Interstate Facility to Promote Prostitution) <br> 18 U.S.C. § 1591 (Sex Trafficking of a Minor) <br> 18 U.S.C. § 1591 (Sex Trafficking by Force, Fraud or Coercion) <br> 18 U.S.C. § 1952(a)(3) (Use of Interstate Facility to Promote Prostitution) <br> 18 U.S.C. § 1956(a)(1)(A)(i)(Money Laundering) <br> 18 U.S.C. § 2421 (Mann Act) |

**S E C O N D   S U P E R S E D I N G
I N D I C T M E N T**

The Grand Jury charges that:

GENERAL ALLEGATIONS

1. At all times relevant to this indictment, defendants **DENNIS PARIS, aka "Rahmyti,"** and **BRIAN FORBES, aka "B,"** operated prostitution businesses in the Hartford, Connecticut area in which they controlled and marketed young women (hereinafter "girls") to perform sexual acts with males (hereinafter "johns") in exchange for money.

2. At all times relevant to this indictment, defendant **SHANAYA HICKS, aka "Toni,"** aided, abetted and assisted **BRIAN FORBES** in the operation of his prostitution business.

3. At all times relevant to this indictment, defendant **DENNIS PARIS** operated his prostitution business as Paris Enterprises Group, LLC and Connecticut Companions.

4. At all times relevant to this indictment, defendants **DENNIS PARIS, BRIAN FORBES,** and **SHANAYA HICKS**, attempted to conceal the true nature of the prostitution businesses by calling them "escort services."

5. At all times relevant to this indictment, defendants **DENNIS PARIS, BRIAN FORBES,** and **SHANAYA HICKS**, utilized cellular telephones, which were a part of interstate facilities, to promote their prostitution businesses by, among other things, using them to communicate with the johns and with the girls.

6. At all times relevant to this indictment defendant **DENNIS PARIS** subscribed to cellular telephone (860)818-0921, which was advertised in the Hartford area telephone book yellow pages and a local Hartford area newspaper to invite johns to call this number to schedule meetings with girls for the purpose of engaging in sexual conduct with the girls in exchange for money.

7. At various times relevant to this indictment, defendant **DENNIS PARIS** employed men as drivers who transported girls to locations requested by johns, including residences, motels, and hotels, and collected payment from the johns.

8. During a period relevant to this indictment, defendant **BRIAN FORBES** assisted defendant **DENNIS PARIS**' prostitution business by bringing to **PARIS** two girls, Jane Doe 1 and Jane Doe 2, whom **FORBES** had forced to work as prostitutes by means of force, fraud, and coercion, and required the girls to disrobe and be photographed by **PARIS** so that they could be marketed as prostitutes by **PARIS**.

9. During a period relevant to this indictment, defendant **BRIAN FORBES** assisted defendant **DENNIS PARIS**' prostitution business by selling Jane Doe 1 and Jane Doe 2 to **PARIS** so that the girls would be forced to work as prostitutes for **PARIS**.

10. During a period relevant to this indictment, defendant **DENNIS PARIS**, by means of force, fraud and coercion, compelled Jane Doe 1 and Jane Doe 2 to work as prostitutes for him.

11. Under the laws of the State of Connecticut, that is Connecticut General Statute §53a-82, "[a] person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee." Under Connecticut General Statute §53a-87, "[a] person is guilty of promoting prostitution in the second degree when [that person] knowingly . . . advances or profits from prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes."

### COUNT ONE
### 18 U.S.C. § 371
### (CONSPIRACY TO USE INTERSTATE FACILITY
### TO PROMOTE PROSTITUTION)

Paragraphs One through Eleven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

12. From in or around November 2003 and continuing to around December 2003, in the District of Connecticut and elsewhere, defendants **DENNIS PARIS**, **BRIAN FORBES**, and **SHANAYA HICKS**, did knowingly combine, conspire and confederate together, and with others

known and unknown to the Grand Jury, to commit an offense against the United States, that is, to use and cause to be used, a facility in interstate commerce, that is cellular telephones, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, specifically, a business enterprise involving prostitution offenses, in violation of the laws of the State of Connecticut, Connecticut General Statutes §§ 53a-82 and 53a-87; and further to thereafter perform and attempt to perform, acts to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Section 1952 (a)(3).

## MANNER AND MEANS OF THE CONSPIRACY

The said unlawful combination, conspiracy, confederation, and agreement was to be, and was, accomplished by the following means and methods, and in the following manner.

13.  It was a part of said conspiracy that defendants **DENNIS PARIS**, **BRIAN FORBES**, and **SHANAYA HICKS**, used cellular telephones to carry on prostitution businesses in the Hartford, Connecticut area.

14. It was further a part of said conspiracy that defendant **BRIAN FORBES**, in addition to carrying on his own prostitution business, assisted and promoted the prostitution business of defendant **DENNIS PARIS** by providing girls to him to use as prostitutes.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects and purposes thereof, there were committed, in the District of Connecticut and elsewhere, the following overt acts:

15.  On or about November 11, 2003, defendant **DENNIS PARIS** activated cellular telephone service with Nextel Communications, number (860)818-0921.

16.  That in or about between September and December 2003, defendants **BRIAN FORBES** and **SHANAYA HICKS** used cellular telephones to schedule appointments for johns to have sexual relations with Jane Doe 1 and Jane Doe 2 in exchange for money.

17.  That in or about between November and December 2003, defendant **BRIAN FORBES** brought Jane Doe 1 and Jane Doe 2 to defendant **DENNIS PARIS** and required the girls to disrobe and be photographed by **PARIS** so that they could be marketed as prostitutes by **PARIS**.

18.  That in or about December 2003, defendant **BRIAN FORBES** sold Jane Doe 1 and Jane Doe 2 to defendant **DENNIS PARIS**.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO
### 18 U.S.C. § 1591
### (SEX TRAFFICKING OF A MINOR)

Paragraphs One and Three through Seven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

19.  In or around March 2002, defendant **DENNIS PARIS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor A, and benefitted financially from said venture, knowing that Minor A had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Section 1591.

## COUNT THREE
## 18 U.S.C. § 1591
## (SEX TRAFFICKING OF A MINOR)

Paragraphs One, Two, Four and Five of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

20.  In or around March 2002, defendant **BRIAN FORBES**, aided and abetted by defendant **SHANAYA HICKS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor A, and benefitted financially from said venture, knowing that Minor A had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Sections 1591 and 2.

## COUNT FOUR
## 18 U.S.C. § 1591
## (SEX TRAFFICKING OF A MINOR)

Paragraphs One and Three through Seven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

21.  In or around between November 2000 and June 2001, defendant **DENNIS PARIS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor B, and benefitted financially from said venture, knowing that Minor B had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Section 1591.

**COUNT FIVE**
**18 U.S.C. § 1591**
**(SEX TRAFFICKING OF A MINOR)**

Paragraphs One, Two, Four and Five of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

22.  In or around between August 2001 and March 2002, defendant **BRIAN FORBES**, aided and abetted by defendant **SHANAYA HICKS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor B, and benefitted financially from said venture, knowing that Minor B had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Sections 1591 and 2.


**COUNT SIX**
**18 U.S.C. § 1591**
**(SEX TRAFFICKING OF A MINOR)**

Paragraphs One, Two, Four and Five of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

23.  Between in or around April 2001 and November 2002, defendant **BRIAN FORBES**, aided and abetted by defendant **SHANAYA HICKS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor C, and benefitted financially from said venture, knowing that Minor C had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Sections 1591 and 2.

**COUNT SEVEN**
**18 U.S.C. § 1591**
**(SEX TRAFFICKING BY FORCE, FRAUD OR COERCION)**

Paragraphs One, Two, Four, Five, Eight and Nine of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

24.  In or around between September and December 2003, defendant **BRIAN FORBES**, aided and abetted by defendant **SHANAYA HICKS**, in the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce, did recruit, entice, transport, provide, and obtain by any means Jane Doe 1, and did benefit, financially and by receiving a thing of value, from participation in a venture which engaged in such recruiting, enticing, transporting, providing and obtaining by any means Jane Doe 1, knowing that force, fraud, and coercion, as defined in Title 18, United States Code, Sections 1591(2)(c)(A) and (B), would be used to cause Jane Doe 1 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Sections 1591 and 2.

**COUNT EIGHT**
**18 U.S.C. §1591**
**(SEX TRAFFICKING BY FORCE, FRAUD OR COERCION)**

Paragraphs One, Two, Four, Five, Eight and Nine of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

25.  In or around between September and December 2003, defendant **BRIAN FORBES**, aided and abetted by defendant **SHANAYA HICKS**, in the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce, did recruit, entice, transport, provide, and obtain by any means Jane Doe 2, and did benefit, financially and by receiving a

thing of value, from participation in a venture which engaged in such recruiting, enticing, transporting, providing and obtaining by any means Jane Doe 2, knowing that force, fraud, and coercion, as defined in Title 18, United States Code, Sections 1591(2)(c)(A) and (B), would be used to cause Jane Doe 2 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Sections 1591 and 2.

## COUNT NINE
## 18 U.S.C. § 1591
## (SEX TRAFFICKING BY FORCE, FRAUD OR COERCION)

Paragraphs One and Three through Ten of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

26. In or around between December 2003 and June 2004, defendant **DENNIS PARIS**, in the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce, did recruit, entice, transport, provide, and obtain by any means Jane Doe 1, and did benefit, financially and by receiving a thing of value, from participation in a venture which engaged in such recruiting, enticing, transporting, providing and obtaining by any means Jane Doe 1, knowing that force, fraud, and coercion, as defined in Title 18, United States Code, Sections 1591(2)(c)(A) and (B), would be used to cause Jane Doe 1 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Section 1591.

## COUNT TEN
## 18 U.S.C. § 1591
## (SEX TRAFFICKING BY FORCE, FRAUD OR COERCION)

Paragraphs One and Three through Ten of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

27.  In or around between December 2003 and April 2004, defendant **DENNIS PARIS**, in the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce, did recruit, entice, transport, provide, and obtain by any means Jane Doe 2, and did benefit, financially and by receiving a thing of value, from participation in a venture which engaged in such recruiting, enticing, transporting, providing and obtaining by any means Jane Doe 2, knowing that force, fraud, and coercion, as defined in Title 18, United States Code, Sections 1591(2)(c)(A) and (B), would be used to cause Jane Doe 2 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Section 1591.

## COUNTS ELEVEN THROUGH TWENTY-ONE
## 18 U.S.C. § 1952(a)(3)
## (USE OF INTERSTATE FACILITY TO PROMOTE, MANAGE, AND CARRY ON PROSTITUTION )

Paragraphs One, and Three through Eleven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

28.  On or about the dates set forth below, in the District of Connecticut and elsewhere, defendant **DENNIS PARIS**, did knowingly use, and cause to be used, a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut, and thereafter did perform and attempt to perform acts to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, by using a cellular telephone, the number of which was advertised in a local Hartford area newspaper, to induce johns to call this number to schedule meetings with

girls for the purpose of engaging in sexual conduct with the girls in exchange for money, each telephone call set forth below constituting a separate count of this indictment.

| COUNT | DATE | TIME | ORIGINATING tel. NUMBER | RECEIVING TEL. NUMBER. |
|---|---|---|---|---|
| 11 | 02/20/2004 | 19:48:00 | (860)798-9673 | (860)818-0921 |
| 12 | 02/20/2004 | 19:50:00 | (860)818-0921 | (860)798-9673 |
| 13 | 03/10/2004 | 9:58:00 | (860)818-0921 | (860)803-0808 |
| 14 | 03/16/2004 | 12:00:00 | (860)803-0808 | (860)818-0921 |
| 15 | 03/16/2004 | 12:07:00 | (860)818-0921 | (860)803-0808 |
| 16 | 03/19/2004 | 20:01:00 | (860)798-9673 | (860)818-0921 |
| 17 | 03/19/2004 | 20:04:00 | (860)818-0921 | (860)798-9673 |
| 18 | 04/16/2004 | 19:53:00 | (860)798-9673 | (860)818-0921 |
| 19 | 04/16/2004 | 20:00:00 | (860)798-9673 | (860)818-0921 |
| 20 | 06/11/2004 | 20:07:00 | (860)798-9673 | (860)818-0921 |
| 21 | 06/11/2004 | 20:09:00 | (860)818-0921 | (860)798-9673 |

All in violation of Title 18, United States Code, Section 1952(a)(3).

**COUNTS TWENTY-TWO THROUGH TWENTY-FOUR**
**18 U.S.C. § 1952(a)(3)**
**(USE OF INTERSTATE FACILITY TO PROMOTE, MANAGE**
**AND CARRY ON PROSTITUTION )**

Paragraphs One and Three through Eleven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

29.  At all times relevant to this indictment, defendant **DENNIS PARIS** accepted credit card charges with VISA, Mastercard**,** and Discover credit cards, as payment for prostitution

services. Defendant **PARIS** used a mobile hand-held credit card processing machine and a credit card processing terminal, both of which utilized interstate wires to process credit card charges.

30. Between approximately in or about December 2003 and June 2004, credit card charges accepted by defendant **PARIS** were processed via interstate telephone wires from Connecticut to First Data Merchant Services, Omaha, Nebraska and ultimately back to a Paris Enterprises account at Fleet Bank/Bank of America in Connecticut.

31. The funds received from the prostitution business were later withdrawn in cash, by check, or by use of a debit card and used to further the prostitution business by paying for advertising, cellular telephones, motel rooms, and other expenses related to the prostitution business.

32. On or about the dates set forth below, in the District of Connecticut and elsewhere, defendant **DENNIS PARIS**, did knowingly use, and cause to be used, a facility in interstate commerce, that is, a credit card terminal and interstate wires, between Connecticut and other states, with the intent to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut, and hereafter did perform and attempt to perform acts to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, by transmitting, and causing to be transmitted, credit card account information via interstate telephone wires to processing facilities in a Nebraska, Colorado, and elsewhere and ultimately back to Connecticut, said charges being made in payment for prostitution services as described above, and later being

used to pay bills to further the prostitution business, each transaction set forth below constituting a separate count of this indictment.

| COUNT | DATE | PROCESS ING COMPANY | No. Of Charges | BATCH NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 22 | 02/20/2004 | First Data MS | 1 | 401002019924 | $175.00 |
| 23 | 03/16/2004 | First Data MS | 1 | 401001035837 | $175.00 |
| 24 | 06/11/2004 | First Data MS | 1 | 401001064098 | $250.00 |

All in violation of Title 18, United States Code, Sections 1952(a)(3).

## COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT
### 18 U.S.C. § 1956(a)(1)(A)(i)
### (MONEY LAUNDERING)

Paragraphs One and Three through Eleven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

33.   On or about each of the dates set forth below, in the District of Connecticut and elsewhere, defendant **DENNIS PARIS**, did knowingly and willfully conduct a financial transaction affecting interstate commerce, that is, he used and caused to be used electronic funds transfers from checking accounts in the name of Dennis Paris and Paris Enterprises Group, LLC at Fleet Bank, which financial transactions involved, as the defendant well knew, the proceeds of some form of specified unlawful activity, namely, a prostitution business operated through the use of a facility in interstate commerce, that is, cellular telephones and telephone wires, with the intent to promote the carrying on of the specific unlawful activity, to wit, carrying on and promoting prostitution, each transaction set forth below, constituting a separate count of this indictment.

| COUNT | DATE | PAYEE | METHOD | AMOUNT |
|---|---|---|---|---|
| 25 | 03/22/2004 | Motel 6 | debit card | $ 89.58 |
| 26 | 05/04/2004 | Nextel Wireless | debit card | $285.66 |
| 27 | 05/10/2004 | Nextel Wireless | debit card | $377.93 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

### COUNT TWENTY-EIGHT
### 18 U.S.C. §2421
### (MANN ACT)

Paragraphs One, Two through Five and Eight through Eleven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

34. In or around September 2003, in the District of Connecticut and elsewhere, defendant **BRIAN FORBES** did knowingly transport Jane Doe 1 in interstate commerce from the State of New Hampshire to the State of Connecticut, with intent that such individual engage in prostitution in violation of the laws of the State of Connecticut, that is Connecticut General Statutes §53a-82 and §53a-87;

All in violation of Title 18, United States Code, Section 2421.

### COUNT TWENTY-NINE
### 18 U.S.C. §2421
### (MANN ACT)

Paragraphs One, Two through Five and Eight through Eleven of this Second Superseding Indictment are hereby incorporated in this Count by reference as though fully set forth herein.

35. In or around September 2003, in the District of Connecticut and elsewhere, defendant **BRIAN FORBES** did knowingly transport Jane Doe 2 in interstate commerce from the State of New Hampshire to the State of Connecticut, with intent that such individual engage in

prostitution in violation of the laws of the State of Connecticut, that is Connecticut General Statutes §53a-82 and §53a-87;

All in violation of Title 18, United States Code, Section 2421.

                                            A TRUE BILL

                                            _____
                                            FOREPERSON

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

NORA R. DANNEHY
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY