UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:06CR 64 (CFD) |
| | : | |
| v. | : | |
| | : | |
| DENNIS PARIS | : | October 7, 2008 |

**UNITED STATES**
**SUPPLEMENTAL SENTENCING MEMORANDUM**

At the preliminary sentencing hearing of September 30, 2008, this Court directed the

Government to file a supplemental response to various issues raised by the defendant relating to

the imposition of sentence.  This memorandum addresses those issues, and re-states the

Government's position that a Guideline Sentence within the calculated range of 360 months to

Life is  an appropriate sentence in this case.

**I.      Appropriate Version of Guidelines to be Used**

United States Sentencing Guideline section 1B1.11 provides that in imposing a sentence,

the Court must use the manual in effect on the day of sentencing.  Prior to the Supreme Court's

decision in *United States v. Booker*, 543 U.S. 220, 258, the United States Department of Justice

(consistent with several circuit decisions) took the position that where the application of the

Guidelines in effect at the time that the crime was committed resulted in a lesser sentence, the

earlier Guidelines manual should be used to avoid any *ex post facto* issues.  In the post-*Booker*

world, it is now the Government's position the Guidelines in effect at the time of sentencing

should be used because the advisory nature of the Guidelines no longer implicates *ex post facto*

concerns (assuming that the sentence does not exceed the statutory maximum).  This position is

- 2 -

consistent with the view of the United States Sentencing Commission.

However, in this case, it is the Government's position that the 2003 Guidelines should be applied since the co-defendants (Forbes and Hicks) were sentenced under the 2003 Guidelines and use of the 2007 Guidelines would result in a significantly higher recommended base offense level, due to a substantial increase in the base level for sex trafficking.[1]

## II.    Groups Three and Four Guideline Calculations

U.S.S.G. Section 2G1.1(b)(1) of the 2003 Sentencing Guidelines provides for a four-level increase "if the offense involved (A) a commercial sex act; and (B) the use of physical force, fraud or coercion."  As stated in oral argument, the Government views this enhancement as applicable in the Group Three calculations since fraud was used on Marianne to induce her to begin working as a prostitute.  As the trial transcript reflects, after speaking to her for a long period of time and subsequently persuading her that he could get her a job in a motel "as a maid," Mr. Paris instead lured the 14-year-old victim into working as a prostitute, having sexual intercourse with her shortly after persuading her to enter a motel room with him.  This deception directly led to her involvement in numerous commercial sex acts, and is clearly consistent with the definition of "fraud" as previously adopted by this Court.  Therefore, the enhancement for the use of fraud is applicable. (Marianne C. trial transcript, p. 5 -10).[2]

---

[1]It should also be noted that the Government, in response to an inquiry by the Court, reviewed the 2000 through 2002 Guidelines and found the applicable provisions be identical to the 2003 manual.

[2]In the case of Eileen K, the record is mute as to any use of physical force, fraud or coercion.  Therefore, the Government concedes that the enhancement does not appear applicable in her case.

- 3 -

In further reviewing the Presentence Report, the Government also believes that with regard to the counts relating to the minors (conduct which pre-dates the counts involving Jennifer and Melissa), the defendant's role in the offense should be adjusted to reflect a 2-level, rather than a 4-level enhancement. The reason for this  adjustment is the fact that the record does not support the conclusion that Paris' criminal activity *at the time he used the minors* involved 5 people or more.  He was however an "organizer, leader, manager and supervisor" in the criminal activity, and therefore the two-level enhancement under U.S.S.G. Section 3B1.1(c) is appropriate.[3]

Therefore Group Three should be adjusted as follows:

¶ 86 should read 0 points for the adjustment

¶ 87 should read 2 points

¶ 90 should read 25 points for the adjusted offense level

Group Four should be adjusted as follows:

¶ 93 should read 2 points

¶ 96 should read 29 points for the adjusted offense level

With these adjustments, paragraphs 111 and 112 yield zero units and, therefore, paragraph 115 should be adjusted to reflect 2 units and paragraph 116 should be adjusted to reflect a 2 point increase in the offense level.  Paragraph 118 now becomes a combined base level

---

[3]    Paris was the leader, organizer, manager, and supervisor of the criminal activity during the years the minors worked for him.  Antonio Dove, Warren Williams and Danny Rhodes (Celotti's boyfriend) all assisted Paris during this time period.

- 4 -

offense of 41 and paragraph 120 establishes a total offense level of 41.[4]

An offense level of 41 and criminal history category VI yield a recommended guideline range of 360 months to life.

### III.     Criminal History category

The defendant originally objected to his Criminal History category, claiming he did not recall being represented by counsel at most of the guilty pleas and sentencings identified in the Presentence Report (PSR).  The Government, therefore, obtained all available transcripts of the convictions and submitted them to the Probation officer. [5]Paris now claims that certain transcripts do not adequately reflect his waiver of counsel in some of the plea and sentencing hearings, and should not be counted.  It is the Government's position that these convictions identified in the Third Addendum are correctly counted, and thus the Criminal History Category VI is  correct.

As stated previously in prior briefs, the Supreme Court has held that it is the defendant's burden to show a Due Process violation.  *Parke v. Raley*, 506 U.S. 20 (1992) holds that the standard is whether a prior plea was made "knowingly and voluntarily."  Due Process requires the Government to prove the validity of the prior conviction by something less than clear and convincing evidence. *Id.* at 21.  Since the Government obtained and submitted the plea and sentencing transcripts, this burden has been met.  Accordingly, it is the defendant's burden to

---

[4]   The Government discussed these changes with Probation Officer Rothi who agrees the changes are correct.

[5]   These are attached to the Third Addendum to the PSR.

- 5 -

show that there was a Due Process violation.  *Id.* At 20.  Since he has earlier claimed no

recollection of the plea hearings, and there is absolutely nothing in the record to suggest that his

Due Process rights were not observed, Mr. Paris has not met his burden of showing a Due Process

violation of any kind.  Therefore, his Criminal History Category is accurately reflected as a Level

VI.

     **IV.**    **Restitution**

     The defendant objected to the total amount of restitution based on the fact that he was

incarcerated on dates for which restitution was calculated.  According to Connecticut Department

of Corrections records[6] Paris was released from custody on November 5, 2003 and not

incarcerated again until June 17, 2004.  Therefore, the operative dates for Jennifer D. arefrom just

after Christmas 2003 until Paris' arrest on June 17, 2004.  Accordingly, Mr. Paris should not be

assessed the weeks of 12/17/03, 6/16/04, 6/23/04 and 6/30/04, totaling $4,173.60.  With these

weeks deducted, the correct restitution owed to Jennifer D. Is $26,210.80.  In the case of Melissa

P., the week of 12/17/03 totaling $1,021.20 should be deducted for an adjusted total of $19,906.

     **V.**    **Defendant's Request for a Downward Departure or Non-Guideline Sentence**

     The defendant has moved for a downward departure or non-guideline sentence based on

several grounds.  One of his principal arguments is that a non-guideline sentence is necessary to

avoid any disparity in sentence compared with the sentence imposed on co-defendant Brian

Forbes.  Mr. Forbes and Mr. Paris should not be treated similarly for numerous reasons.  First, Mr.

---

    [6]   See Attachment A.

- 6 -

Paris is a Criminal History Category VI while Forbes was sentenced as a Criminal History Category I.  Although Mr. Paris attempts to play down all of his prior contacts with the law, the most recent conviction of Unlawful Restraint in the First Degree was an extremely serious crime. In that case, Mr. Paris was charged with restraining a woman in a motel room and attempted rape. While the case was plead down to a charge of felony restraint, the conviction does not necessarily reflect the seriousness of the facts surrounding the underlying charges.  Furthermore, Paris' numerous convictions demonstrate a contempt for authority and the law and suggest a strong likelihood of recidivism when he is released.   The government is not aware of a period in time when Mr. Paris operated within the law, and there is absolutely no indication that Mr. Paris has any intention on changing his behavior.

Another significant distinction to be made between co-defendant Forbes and Mr. Paris is that Mr. Forbes acknowledged his criminal conduct, expressed at least some level of contrition, and received a three-level reduction for doing so.  Alternatively, Mr. Paris went to trial, took the witness stand, and lied to the jury and this court.  While any defendant is certainly entitled to take his case to trial and make the Government prove his guilt, committing perjury, obstructing the judicial process, and trying to dupe a jury into acquitting by lying under oath, is a serious act which should have serious consequences.  Finally, while Forbes showed contrition for his crimes, Paris has never hinted at the slightest bit of remorse.  Instead he continues to claim he did nothing wrong and attempts to claim the victims were willing participants.  These facts clearly set Mr. Paris apart from Mr. Forbes and his sentence should reflect that difference.

The defense has also argued that this case should be sentenced below the advisory

- 7 -

Guideline range because the case is "outside of the heartland."  The Second Circuit has held that guideline departures are only warranted in unusual cases. *See United States v. Sentamu*, 212 F.3d 127 (2nd Cir. 2000) ("Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline").  No facts in this case warrant such a departure.  To the contrary, the calculated range is consistent with the intent of Congress and recent similarly situated federal sentencings around the country.  It is also representative of the heinous crimes in which Mr. Paris took part - using 14 year-old and 16 year-old girls to engage in prostitution for his financial benefit, and causing 18 year-old drug-addicted runaways to engage in prostitution through force, fraud, and coercion to further support his greed.

In 2006, Congress increased the base offense level for the crimes of sex trafficking by force, fraud, and coercion from 14 to 34 (see 2006-2008 Sentencing Guidelines).  They also added fifteen-year mandatory minimums for each of these crimes.  While it is now the policy of both the Sentencing Commission and the U.S. Department of Justice to use the Guidelines in effect at the time of sentencing to calculate the proper sentence, the government has agreed to use the 2003 Guidelines in this case to remain consistent with others who previously pleaded guilty in this case.  This calculation of 360 months to life appropriately represents Mr. Paris' conduct in this case, as well as his prior criminal history.  It also reflects the fact that Mr. Paris had every opportunity to accept responsibility and take advantage of all of the benefits that would have come with that.  Instead, he decided to forego that opportunity and testify untruthfully at trial.

Moreover, sentences across the country have consistently reflected the seriousness by which federal courts have taken these crimes.  In *United States v. Norris*, a domestic pimp in

- 8 -

Atlanta who operated much like Mr. Paris was sentenced to life imprisonment on April 1, 2008 for coercing women into prostitution.  In *United States v. Mendez*, a pimp in Tennessee pleaded guilty to sex trafficking through force, fraud and coercion and received fifty years in prison on June 27, 2008.  In *United States v. Carretto*, two brothers were each sentenced in the Eastern District of New York to fifty years in prison on April 27, 2006 after pleading guilty to sex trafficking by force, fraud, and coercion.  The judgment and commitment orders for each of theses cases are attached as Attachments B through D.

### VI.    Conclusion

For the forgoing reasons, and those previously stated in oral argument on September 30, 2008, it is the Government's position that a Guideline sentence withing the calculated range of 360 months to life is warranted and appropriate in this case.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


/s/
JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT00360
450 MAIN STREET, ROOM 328
HARTFORD, CT  06103
(860) 760-7949

ANDREW J. KLINE
SPECIAL LITIGATION COUNSEL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE N.W.
WASHINGTON, D.C.
TEL. (202) 307-2897
Federal Bar No. DC441845

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded this 7th day of

October, 2008 to:

> Jeremiah Donovan, Esq.
> P.O. Box 554
> Old Saybrook, CT 06475


/s/_____
JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY