UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DENNIS PARIS | Criminal No. 3:06cr64 (JBA)<br><br>April 28, 2021 |

**RULING DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Dennis Paris's motion for compassionate release [Doc. # 745] was denied on January 29, 2021. (Order Denying Mot. for Release from Custody ("Order") [Doc. # 779].) Mr. Paris now moves for reconsideration, proposing an alternative release plan and referencing a recent Sixth Circuit decision as grounds for reconsideration. (Def.'s Mot. for Reconsideration of Denial of Mot. for Compassionate Release [Doc. # 789]; Def.'s Second Addendum to Mot. for Reconsideration [Doc. # 790].)

A motion for reconsideration may be granted if the movant brings to the Court's attention "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). As the "intervening change of controlling law," Mr. Paris argues that the Sixth Circuit's *United States v. Sherwood*, impacts this Court's reference to § 1B1.13 in a string cite. (Def.'s Sec. Addendum at 1-3); *Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (holding that the "requirement [by the Sentencing Commission described in U.S.S.G. § 1B1.13(2)] that the defendant not be a danger to the community no longer provides an independent basis for denying compassionate release."). Presumably as "new evidence," Defendant proposes an alternative to the release plan that was previously found inappropriate by the Court. (Def.'s Mem. in Supp. of Mot. for Reconsideration [Doc. # 787] at 4.) Specifically, Mr. Paris proposes being released to the home of his father, who resides in a suburb of Atlanta and could use support running his roofing business. (*Id.*)

However, Mr. Paris's inadequate release plan was only one factor in this Court's denial of Mr. Paris's motion for release. Mr. Paris was denied release primarily because of his apparent inability or unwillingness to take full and comprehensive responsibility for the reign of terror he imposed on the young women he violently coerced into selling sex for his personal profit to overwhelmingly outweigh his grounds for release. (Order at 6 ("The nature of his criminal conduct and his failure to take real responsibility for his violence seriously undermines his request for compassionate release because it presents the specter of risk to the public if he is released, notwithstanding his current medical challenges.").) While his release plan may now be acceptable, that factor does not outweigh the risk Mr. Paris continues to pose to the public, albeit in a different zip code.[1] As well, this plan is not *new* evidence unavailable at the time of decision.

Defendant's argument that *Sherwood* constitutes a new rule of controlling law is unavailing as it is from the Sixth Circuit and the District of Connecticut is controlled by Second Circuit and Supreme Court precedent. Moreover, at the time this Court denied Mr. Paris's motion, it relied on the Second Circuit's holding that district courts were not bound by *any aspect* of § 1B1.13(2) in analyzing motions for compassionate release. *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020); *see Sherwood*, 986 F.3d at 953 (relying on *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *9 (6th Cir. Nov. 20, 2020) ("[F]ollowing the Second Circuit's lead, [we hold that] where incarcerated persons file motions for compassionate release, federal judges may [] have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13.21.")); (*see also* Order at 3-4.) Thus, the Sixth Circuit's decision does not change the law applied by this Court in its

---

[1] It appears that Mr. Paris has now been offered, but refused, a COVID-19 vaccination. (Def.'s Reply to Gov't's Reply to Addendum [Doc. # 794] at 2.) Given his access to substantial immunity against the virus to which his medical conditions make him more vulnerable, the persuasiveness of his medical conditions wanes as extraordinary and compelling reasons justifying his release.

initial ruling denying release. (Order at 4 ("While district courts have discretion to consider a wide range of factors in assessing a motion for compassionate release, if the prisoner continues to present a risk to the community, he should not be released. *See also* U.S.S.G. § 1B1.13 (noting that the BOP may *not* release a prisoner if he is a 'danger to the safety of any other person or to the community')") (emphasis in original)); *compare Sherwood,* 986 F.3d at 953 ("[S]atisfying the § 1B1.13 policy statement is no longer a requirement for defendant-filed compassionate release motions.") *with Brooker*, 976 F.3d at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

Accordingly, as Defendant's Motion fails to demonstrate a basis for reconsideration [Docs. ## 789, 790] it is DENIED.

                        IT IS SO ORDERED.

                        _____/s/_____
                        Janet Bond Arterton, U.S.D.J.

                        Dated at New Haven, Connecticut this 28th day of April 2021.